UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JESSICA THOMPSON, :
          Plaintiff, :
: **ORDER**
v. :
: 18 CV 11224 (VB)
:
COMMISSIONER OF SOCIAL SECURITY, :
          Defendant. :
--------------------------------------------------------------x

      On December 3, 2018, plaintiff brought this action challenging the Commissioner of Social Security's denial of plaintiff's application for disability benefits under 42 U.S.C. § 401 et seq. (Doc. #1). On August 26, 2019, the Court entered the parties' stipulation reversing the Commissioner's decision and remanding the case for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. #17). The Court entered judgment on August 26, 2019. (Doc. #18). The parties subsequently stipulated that plaintiff was entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. #20). Pursuant to that stipulation, defendant would pay plaintiff $2,469.61 in full satisfaction of plaintiff's claims under the EAJA, and $400.00 in costs from the Judgment Fund pursuant to 28 U.S.C. § 1920. On remand to the Social Security Administration, plaintiff was represented by administrative counsel separate from the attorney who represented her before this Court.

      On March 11, 2020, following a favorable decision before the Commissioner, plaintiff requested an extension of time to move for attorney's fees pursuant to 42 U.S.C. § 406(b) because he had not yet been provided with the Notice of Award ("NOA"). (Doc. #21). The Court granted plaintiff's request in an Order dated the same day. (Doc. #22). Plaintiff's counsel requested four additional extensions, until finally receiving the notice of award on July 30, 2021. (See Docs. ##24, 26, 28, 30; Doc. #31 ¶ 5).

      On August 17, 2021, plaintiff filed the pending motion pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees in the amount of $5,694.25. (Doc. #32 ¶ 8). With his motion, plaintiff submits: (i) a petition in support of the requested award; (ii) an itemized time sheet; (iii) the NOA; (iv) the retainer agreement signed by plaintiff; and (v) a statement from the U.S. Department of the Treasury reflecting that a portion of plaintiff's EAJA award was applied to satisfy an Orange County DSS ("Department of Social Services") tax lien.

      Pursuant to Local Civil Rule 6.1(b)(2), the Commissioner's opposition to plaintiff's motion for attorney's fees was due by August 31, 2021, fourteen days after plaintiff filed the motion. To date, the Commissioner has not opposed plaintiff's motion.

I.     Attorney's Fees

      42 U.S.C. § 406(b) authorizes a court to "determine and allow as part of its judgment a reasonable fee for" an attorney who represented a social security claimant before the court. 42 U.S.C. § 406(b)(1)(A). However, such a fee award shall not be "in excess of 25 percent of the

total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." Id.

Under the EAJA, "a party prevailing against the United States in court, including a including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (quoting 28 U.S.C. § 2412(d)(1)(A)). And, while fee "awards may be made under both [the EAJA and § 406(b)], . . . the claimant's attorney must refund to the claimant the amount of the smaller fee." Id.

Moreover, Section 406(b) requires the Court to "review the reasonableness of any requested attorney's fees," but "because a contingency fee arrangement is the result of a freely negotiated arrangement between the claimant and his or her attorney, the court may only reduce the agreed upon contingency fee amount when it finds the amount unreasonable." Ibbetson v. Saul, 2019 WL 3208432, at *3 (S.D.N.Y. June 25, 2019). To assess the reasonableness of a contingency fee, a court must first determine whether "the contingency percentage is within the 25% cap . . . [and] whether there has been fraud or overreaching in making the agreement." Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). The Court must then consider the following factors to determine the reasonableness of a requested award: (i) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (ii) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (iii) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. Palazzolo v. Saul, 2020 WL 6108253, at *4 (S.D.N.Y. 2021).

Here, the total fees requested by plaintiff's counsel and plaintiff's administrative counsel do not exceed the 25 percent cap set by Section 406(b). Specifically, the Social Security Administration awarded plaintiff $87,520.25 in past-due benefits. (Doc. #32-2). The Administration withheld 25 percent of plaintiff's award, amounting to $28,194.25. (Id.). Plaintiff's counsel requests an award of $5,694.25 in attorney's fees, and plaintiff's administrative counsel has requested $22,500.00. Added together, the requested attorney's fees do not exceed 25 percent of the past-due benefits to which plaintiff is entitled. Moreover, there is nothing to indicate plaintiff's contingency fee arrangement is fraudulent or the product of overreaching by plaintiff's counsel.

The fee requested by plaintiff's counsel is also reasonable. The contingency fee arrangement with plaintiff merely assigns any award of attorney's fees to plaintiff's counsel and caps any fee to 25 percent of plaintiff's past-due benefits. Moreover, the requested fee is not out of line with the character of the representation or the results achieved. Plaintiff's counsel billed 15.75 hours to this matter and succeeded in negotiating a stipulation reversing plaintiff's original denial of benefits and remanding this action to the Administration. Nothing on the docket or in the record suggests plaintiff's counsel unreasonably delayed these proceedings. Moreover, the benefits awarded are not large in comparison to the amount of time counsel spent on the case because counsel requests an award of approximately $362 per hour billed.

Finally, plaintiff's counsel need not reimburse plaintiff for the previous EAJA award issued in November 2019, because the record reflects that fee was automatically applied towards plaintiff's tax lien. (Doc. #32-4). Accordingly, there is no risk that plaintiff's counsel is seeking double recovery. And because counsel never received the EAJA award, he need not reimburse plaintiff.

Accordingly, the requested attorney's fee of $5,694.25 is reasonable.

II.     Timeliness of the Application

Motions for attorney's fees pursuant to 42 U.S.C. § 406(b) are subject to Federal Rule of Civil Procedure 54(d)(2)(B)'s fourteen-day limitations period. See Sinkler v. Berryhill, 932 F.3d 83, 87–88 (2d Cir. 2019). This fourteen-day limitations period runs from the date the claimant receives the notice of award. See id. at 87. And Rule 54(d)(2)(B)'s fourteen-day limitations period applies "unless a statute or a court provides otherwise." Fed. R. Civ. P. 54(d)(2)(B). Accordingly, "district courts are empowered to enlarge that filing period where circumstances warrant," and have "discretion to alter a specified filing time . . . when such an alteration is appropriate in a particular case." Sinkler v. Berryhill, 932 F.3d 83, 89–90 (2d Cir. 2019). Thus, district courts have discretion to excuse a delay in filing a Section 406(b) motion so long as the delay is "reasonable." See id. at 90.

Plaintiff's counsel represents that he received the NOA on July 30, 2021. (Doc. #32 ¶ 5). Accordingly, pursuant to Rules 6(a) and 54(d)(2)(B), the attorney's fees motion was due on August 13, 2021. However, counsel filed his motion four days late, on August 17, 2021.[1]

Although plaintiff's counsel offers no explanation for this four-day delay, the Court finds such a minor delay is reasonable and that the circumstances warrant enlarging the applicable limitations period. See Sinkler v. Berryhill, 932 F.3d at 89–90. Plaintiff's counsel has been diligent in updating the Court on the status of the NOA and his intention to move for attorney's fees. Since March 11, 2021, counsel has timely filed four status updates and requested four extensions of time to move for attorney's fees under Section 406(b). Under these circumstances, counsel's four-day delay is both reasonable and excusable. The Court therefore extends nunc pro tunc counsel's time to file his Section 406(b) motion to August 17, 2021.

Accordingly, plaintiff's motion for attorney's fees under Section 406(b) is timely.

Having determined both that the requested fee is reasonable and that plaintiff's counsel's motion is timely, it is hereby ORDERED:

1.      The motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is GRANTED.

---

[1] Counsel also represents that, since he anticipates the Social Security Administration will issue an additional auxiliary award and additional benefits due to plaintiff having minor children, his time to file for an award has not yet begun. However, counsel provides no further detail, and the Court has found no support for that assertion in the documents submitted. Nevertheless, this is irrelevant because plaintiff's one-day delay is excusable for the reasons stated above.

      2.      Plaintiff's counsel is entitled to recover $5,694.25 in attorney's fees payable from the statutorily withheld past-due benefits, pursuant to 42 U.S.C. § 406(b).

The Clerk is instructed to terminate the motion. (Doc. #31).

Dated: September 2, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge